

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GLOBAL ACCESS ALGORITHMIC
TRADING, LLC AND GLOBAL ACCESS      :   COMPLAINT
HOLDINGS, INC.,                     :
                                    :   Index No. _____
                                    :   Assigned to J. _____
              Plaintiff,            :
                                    :
       - Against -                  :
                                    :
ATM, LLC, ALGORITHMIC TRADING       :
MANAGEMENT (USA) LLC AND ATM        :
USA, LLC                            :
                                    :
              Defendants.
------------------------------------------------------------x

## NATURE OF THIS ACTION

1.      This is a proceeding to recover monies owed to Plaintiffs by Defendants pursuant to the terms of two agreements entered into by the parties relating to the referral and marketing by Plaintiffs of securities trading computer software and services provided by Defendants. Defendants received payments from clients referred to Defendant by Plaintiff and pursuant to the Agreements, was obligated to render a portion of the payments to Plaintiffs, but has failed to do so. Upon present information and belief, Defendants currently owes Plaintiffs $422,838.29 and it is further believed that Defendants have defrauded Plaintiffs of additional compensation owed by failing to report and record payments received by referrals and clients of Plaintiffs.

## THE PARTIES and JURISDICTION

2.      Global Access Algorithmic Trading LLC ("GATT") is a New York limited liability company with its principal place of business located at 157 Main Street,

Cold Spring Harbor, NY 11724. GATT is a company with extensive knowledge of and experience in the securities industry, as well as extensive contacts and relationships with persons and entities in the financial, investment and securities industries.

3. Global Access Holdings, Inc. ("GAH") is a Delaware Corporation with its principal place of business located at 157 Main Street, Cold Spring Harbor, NY 11724. GAAT is a wholly-owned subsidiary of GAH. GAH, acting through its subsidiary GAAT, is engaged in the business of marketing direct access quantitative securities trading algorithms and related services to financial institutions.

4. Upon information and belief, ATM, LLC ("ATML") is a New York limited liability company with its principal place of business located at 5 Marine View Plaza, Hoboken, NJ 07030 and a place of business located at 14 Wall Street, New York, NY 10005.

5. Upon information and belief, Algorithmic Trading Management [USA], LLC ("ATMU") is a Delaware limited liability company with its principal place of business located at 5 Marine View Plaza, Hoboken, NJ 07030 and a place of business located at 14 Wall Street, New York, NY 10005. ATMU is a wholly-owned subsidiary of ATML. ATMU is also believed to be known as ATM USA, LLC (ATM")

6. Upon information and belief, ATM USA, LLC ("ATM") is a Delaware limited liability company with its principal place of business located at 5 Marine View Plaza, Hoboken, NJ 07030 and a place of business located at 14 Wall Street, New York, NY 10005.

**ALLEGATIONS AND FACTS**

7. During all relevant times, ATML was and is a developer and owner of certain proprietary direct- access quantitative securities algorithms, certain proprietary computer applications, interfaces and programs

8. During all relevant times, ATMU was and is engaged in the business of attempting to license internet-enabled direct access quantitative algorithmic trading products and services to individuals and entities in the financial, investment and securities. ATMU was and is also a broker-dealer registered pursuant to the Securities Exchange Act of 1934 and is a member of FINRA, formally known as the NASD.

9. In or about 2005, GAAT, ATML and ATMU entered into a Strategic Marketing Agreement "(Agreement Number 1"), a copy of which is annexed hereto as Exhibit "A".

10. Agreement Number 1 provided for, inter alia, the payment of compensation to GAAT in the amount of 50% of the gross revenue due and owing from any person or entity which GATT introduced to ATM, net of the actual costs of execution and clearing transactions on which the revenues are based. See Section 6.1

11. On or about September 26, 2007 GAH and ATM entered into a Strategic Marketing Agreement "(Agreement Number 2"), a copy of which is annexed hereto as Exhibit "B".

12. Agreement Number 2 provided for, inter alia, the payment of compensation to GAH in the amount of 30% of all fees received by ATM from customers

identified and recommended by GAH, net of clearing and execution costs and applicable ECN or exchange fees. See Paragraph VI.

13. Plaintiffs introduced many individuals and entities to Defendants pursuant to the terms of Strategic Marketing Agreement Numbers 1 and 2 and several of those individuals and entities executed Agreements with Defendants for product and services as contemplated in the Strategic Marketing Agreements Numbered 1 and 2.,

14. Pursuant to the terms of Strategic Marketing Agreement Numbers 1 and 2 and based upon information obtained from clients which were referred to Defendants by Plaintiffs relating to revenue generated by Defendants from those clients, Plaintiffs rendered invoices to Defendants for the periods beginning in July 2006 through December 2007 totaling approximately $468,288.35.

15. Defendants have only rendered payments totaling $45,050.06 towards payment of the invoices thereby creating an open balance due of $$422,838.29.

16. Despite repeated demands by Plaintiffs for payment by Defendants, Defendants have failed to render payment relating to the compensation owed.

### -AS AND FOR A FIRST CAUSE OF ACTION-

17. Plaintiff repeats and realleges ¶'s 1-16 as if fully set forth herein.

18. In or about 2005, GAAT, ATML and ATMU entered into a Strategic Marketing Agreement "(Agreement Number 1"), a copy of which is annexed hereto as Exhibit "A".

19. Agreement Number 1 provided for, inter alia, the payment of compensation to GAAT in the amount of 50% of the gross revenue due and owing from any person or entity, which GATT introduced to ATM, net of the actual costs of execution and clearing transactions on which the revenues are based. See Section 6.1

20. Plaintiff GATT introduced many individuals and entities to Defendants ATML and ATMU pursuant to the terms of Strategic Marketing Agreement Number 1 and several of those individuals and entities executed Agreements with Defendants ATML and ATMU for products and services as contemplated in the Strategic Marketing Agreement Number 1.

21. Pursuant to the terms of Strategic Marketing Agreement Number 1 and based upon information obtained from clients which were referred to Defendants ATML and ATMU by Plaintiff GAAT relating to revenue generated by Defendants from those clients, Plaintiff GATT, through its subsidiary GAAT, rendered invoices to Defendants totaling approximately $442,737.67.

22. Defendants ATML and ATMU have only rendered payments totaling $25,000 towards payment of the invoices thereby creating an open balance due of $417,737.67.

23. Plaintiff GATT has sustained damages in the amount of $417,737.67 as a result of the breach of contract by Defendants ATML and ATMU.

24. Plaintiff GATT requests Judgment in the amount of $416,851 against Defendants ATML and ATMU plus interest at the prevailing rate from the date of each breach that resulted in damages, and also requests attorneys fees and costs.

### -AS AND FOR A SECOND CAUSE OF ACTION-

25.     Plaintiff repeats and realleges ¶'s 1- 24 as if fully set forth herein.

26.     On or about September 26, 2007 GAH and ATM entered into a Strategic Marketing Agreement "(Agreement Number 2"), a copy of which is annexed hereto as Exhibit "B".

27.     Agreement Number 2 provided for, inter alia, the payment of compensation to GAH in the amount of 30% f all fees received by ATM from customers identified and recommended by GAH, net of clearing and execution costs and applicable ECN or exchange fees. See Paragraph VI.

28. Plaintiff GAH introduced many individuals and entities to Defendant ATM pursuant to the terms of Strategic Marketing Agreement Number 2 and several of those individuals and entities executed Agreements with Defendant ATM for product and services as contemplated in the Strategic Marketing Agreement Numbered 2.

29. Pursuant to the terms of Strategic Marketing Agreement Number 2 and based upon information obtained from clients which were referred to Defendant ATM by Plaintiff GAH relating to revenue generated by Defendants from those clients, Plaintiff GAH, through its subsidiary GAAT, rendered invoices to Defendant ATM totaling approximately $25,550.68.

31. Defendant ATM has only rendered payments totaling $20,450.06 towards payment of the invoices thereby creating an open balance due of $5,100.62. Plaintiff GAH has sustained damages in the amount of $5,100.62 as a result of the breach of contract by Defendant ATM.

32. Plaintiff GAH requests Judgment in the amount of $5,100.62 against Defendant ATM plus interest at the prevailing rate from the date of each breach that resulted in damages, and also requests attorneys fees and costs.

### -AS AND FOR A THIRD CAUSE OF ACTION-

33. Plaintiff repeats and realleges ¶'s 1- 32 as if fully set forth herein.

34. Upon information and belief, Defendants have failed to accurately reported revenue earned through the clients of Plaintiffs which were introduced to Defendants, for the purpose of avoiding payment of monies owed to Plaintiffs pursuant to Strategic Marketing Agreement Numbers 1 and 2.

35. Plaintiffs are not in possession of the documents or information required to plead the amount of damages sustained due to the fraud of Defendants, however subject to an analysis through discovery in this matter, Plaintiffs will then be able to allege with specificity the damages sustained through the fraudulent reporting of revenues by Defendants.

36. Plaintiffs requests Judgment in an amount to be determined against Defendants and interest at the prevailing rate from the date of each breach that resulted in damages, and also requests attorneys fees and costs.

### -AS AND FOR A FOURTH CAUSE OF ACTION-

37. Plaintiff repeats and realleges ¶'s 1- 36 as if fully set forth herein.

38. In or about August 2007, Defendants, through the actions and deeds of Harry Hatzis, the common principal to all Defendants, verbally committed to rendering

payment of all monies owed pursuant to Strategic Marketing Agreement Number 1 as an inducement to Plaintiff GAH to enter into Strategic Marketing Agreement Number 2.

38. Defendants have failed to render payments other then the $45,450.06 set forth above, and as a result fraudulently induced Plaintiff GAH to enter into the terms of Strategic Marketing Agreement Number 2.

39. Plaintiffs ask for recession of Strategic Marketing Agreement Numbers 2 and an Order that all payments due and owing to Plaintiffs are to be made pursuant to the terms of Strategic Marketing Agreement Numbers 1.

**WHEREFORE**, Plaintiffs respectfully request that Judgment be had as requested herein, together with such other and further relief as the Court may deem just and proper.

Brian H. Reis, Esq. (7843)
Law Office of Brian H. Reis
Counsel for Plaintiffs
80 Broad Street- 33rd Floor
New York, NY 10004
212-785-5170